## LOCOMOBILE CO. OF AMERICA v. BERGDOLL.

(Circuit Court, E. D. Pennsylvania. January 3, 1912.)

### No. 1,128.

LANDLORD AND TENANT (§ 25*)—LEASE—EXECUTION—MEETING OF MINDS.

Defendant proposed to execute a lease for ten years, with an option of renewal for a similar period, the option to be exercised by plaintiff not more than two years before the end of the first term. Plaintiff submitted a counter proposal that the option should be extended not later than one year before the end of the term, and this counter proposal was never accepted in writing, though it was so required to be by the Pennsylvania statute of frauds. *Held*, that the lease and the option to renew were mutually interdependent, and not independent proposals, and hence there was no contract, for want of a meeting of minds.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 66–75; Dec. Dig. § 25.*]

Action by the Locomobile Company of America against Louis J. Bergdoll. On motion to take off a compulsory nonsuit. Denied.

Ira J. Williams, for plaintiff.
David J. Myers and Arno P. Mowitz, for defendant.

J. B. McPHERSON, District Judge. After a re-examination of the testimony in this case, I am still of opinion that the plaintiff's evidence did not establish a valid written contract between the parties. The defendant's proposal was to execute a lease for ten years, with an option of renewal for a similar period, the option to be exercised by the plaintiff not later than two years before the end of the first term. But the minds of the parties did not meet upon this proposal, or upon any other. In reply the plaintiff submitted a counter proposal to the effect that the option should be exercised not later than one year before the end of the term, and this counter proposal was never accepted in writing, although such acceptance is required by the Pennsylvania statute of frauds. The fact of such nonac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceptance is conceded; but the plaintiff argues that the lease and the option were independent proposals, and that the defendant's acceptance of the one year option might be proved by parol. As it seems to me, the argument is not sound. I cannot possibly decide, for I have no means of knowing, that the parties cared little or nothing about the time at which the option should be exercised. Apparently they both considered it, not as unimportant or severable, but as a material term of the contract; for each wanted an option clause of some kind, and each had his own view upon the subject. The matter was left in that undetermined situation, and it is impossible for any one to say that the defendant would have agreed to make a lease with a one-year option, if the plaintiff had refused to agree to any other. I cannot impose a contract upon the defendant, and he was entitled to the kind of contract provided for by the law of the state. In my opinion, one term of the proposal must be held to be as material as any other; and, as the Pennsylvania statute requires all material terms to be in writing, the result is that the plaintiff's case must fail.

Moreover, it seems to me a practical certainty that the parties contemplated a formal agreement to be made thereafter, in which they would provide for the numerous details that invariably arise, and must be dealt with, when a contract of such magnitude and importance is under consideration. To speak of this proposal to make a lease as if it were the lease itself is hardly credible. When a sale of land is on foot, usually only a single and simple act is to be done, the making of a deed on paying or securing the price; but when an improvement lease for ten, and perhaps for twenty, years is under consideration at a rent of $18,000 per annum in the city of Philadelphia, it is beyond the bounds of reasonable conjecture to suppose that the parties do not intend to make any provision, for example, concerning the time when the landlord is to begin building, or when the term is to begin, or when the rent is to be paid—to say nothing of the many other provisions that such contracts always contain. In such transactions it is always the effort of both parties to provide definitely for every contingency that is anticipated. If the writings in evidence were intended to contain the whole contract, the parties were inevitably beginning a series of lawsuits, and it can hardly be supposed that two thoroughly competent business men could have failed to know that many other matters must be discussed and agreed upon before their preliminary understanding could possibly be carried out.

I mention these considerations because I think they are entitled to weight, but I am content to put the decision on the ground first referred to, namely, that the Pennsylvania statute of frauds prevents recovery.

The motion to take off the nonsuit is refused. (Exception to the plaintiff.)